UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NORTH CAROLINA

ASHEVILLE DIVISION

| | | |
|---|---|---|
| HILDA L. SOLIS,<br>Secretary of Labor,<br>United States Department of Labor,<br><br>Plaintiff,<br><br>v.<br><br>BRIE ENTERPRISES, LLC d/b/a BIG FOOT<br>PAVING & GRADING, TINA BRIGGS ORR,<br>Individually and JERRY BRANDON ORR,<br>Individually<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | FILE NO.<br><br>1:10-cv-00090-MR-DLH<br><br><br><br><br><br><br><br><br><br>**JUDGMENT** |

This cause came on for consideration upon Plaintiff's motion and Defendants Brie Enterprises, LLC d/b/a Big Foot Paving & Grading, Tina Briggs Orr, individually and Jerry Brandon Orr, individually (collectively "Defendants"), consent to the entry of this Judgment, without further contest. It is, therefore,

ORDERED, ADJUDGED and DECREED that Defendants, their agents, servants, employees and all persons in active concert or participation with them who receive actual notice hereof are permanently enjoined from violating the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.*, hereinafter referred to as the Act, in any of the following manners:

    1.    Defendants shall not, contrary to §§ 7 and 15(a)(2) of the Act, 29 U.S.C. §§ 207 and 215(a)(2), employ any employee in commerce or in the production of goods for

commerce, or in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, for more than 40 hours in a workweek unless such employee is compensated for such hours in excess of 40 at an overtime rate of at least one and one-half times the regular rate at which such employee is employed.

2. They shall not, contrary to §§ 11(c) and 15(a)(5) of the Act, 29 U.S.C. §§ 211(c) and 215(a)(5), fail to make, keep and preserve adequate and accurate employment records as prescribed by Regulation found at 29 C.F.R. § 516.

3. IT IS FURTHER ORDERED, ADJUDGED and DECREED that Plaintiff shall recover from Defendant's back wages in the total amount of $5,204.75, plus liquidated damages in the amount of $795.22 due employees for the periods of employment and in the amounts indicated with respect to each, as set forth on Schedule "A" attached hereto. The private rights, under the Act, of any employee of Defendants not named or for periods not stated in said Schedule "A" shall not be terminated or otherwise adversely affected by this proceeding.

To comply with this provision of this Judgment, Defendants shall pay the total amount of $6,000 in eighteen (18) monthly installments and deliver to the Plaintiff's attorney separate cashier's or certified checks, or money orders payable to "Wage and Hour Division--Labor" as follows:

| AMOUNT | ON OR BEFORE |
| --- | --- |
| $ 333.34 | July 1, 2011 |
| $ 333.34 | August 1, 2011 |
| $ 333.34 | September 1, 2011 |
| $ 333.34 | October 1, 2011 |
| $ 333.34 | November 1, 2011 |
| $ 333.33 | December 1, 2011 |
| $ 333.33 | January 1, 2012 |
| $ 333.33 | February 1, 2012 |

| | |
|---|---|
| $ 333.33 | March 1, 2012 |
| $ 333.33 | April 1, 2012 |
| $ 333.33 | May 1, 2012 |
| $ 333.33 | June 1, 2012 |
| $ 333.33 | July 1, 2012 |
| $ 333.33 | August 1, 2012 |
| $ 333.33 | September 1, 2012 |
| $ 333.33 | October 1, 2012 |
| $ 333.33 | November 1, 2012 |
| $333.33 | December 1, 2012 |

Defendants shall remain responsible for the employer's share of F.I.C.A. arising from or related to the back wages paid hereunder. Defendants also shall provide Plaintiff's attorneys with a schedule showing their employer I.D. number and a schedule showing the last-known address and social security number as to each employee listed on Schedule "A".

Plaintiff, thereupon, shall distribute such checks or the proceeds therefrom, less deductions for federal income tax and the employee's share of F.I.C.A. as to each named employee, or to their personal representatives, and any amounts not so distributed by the Plaintiff within the period of three (3) years after date of this Judgment, because of inability to locate the proper persons or because of such persons' refusals to accept such sums, shall be deposited into the Treasury of the United States as miscellaneous receipts. It is

FURTHER ORDERED that in the event of default by the Defendants in the payment of any of the above-recited installments, the total balance then remaining unpaid shall become due and payable immediately, with no further notice or demand required, and post judgment interest shall be assessed against such remaining unpaid balance, in accordance with 28 U.S.C. § 1961, from the date hereof until paid in full. It is

FURTHER ORDERED that each party shall bear such other of its own attorney's fees and expenses incurred by such party in connection with any stage of this case, including but not limited to, attorney's fees which may be available under the Equal Access to Justice Act as amended.

This 14 day of June, 2011

Martin Reidinger
UNITED STATES DISTRICT JUDGE

Defendants consent to entry
of the foregoing Judgment:

/s/ Hayley R. Roper
GRANT B. OSBORNE
NC Bar# 13316
HALEY R. ROPER
NC Bar#38465

McGuire, Wood &Bissette, P.A.
48 Patton Ave.
Asheville, NC 28801
(828) 254-8800
(828) 252-2438 (FAX)
hroper@nwbavl.com
www.mwbavl.com
Attorneys Defendant

Plaintiff moves entry of
the foregoing Judgment:

M. PATRICIA SMITH
Solicitor of Labor

STANLEY K. KEEN
Regional Solicitor

ROBERT L. WALTER
Counsel

By:/s/ Carmen L. Alexander
GA Bar # 008801
Attorney
Office of the Solicitor
U.S. Department of Labor
61 Forsyth Street, S.W.
Room 7T10
Atlanta, GA 30303
(404) 302-5435
(404) 302-5438 (FAX)
alexander.carmen@dol.gov
ATL.FEDCOURT@dol.gov
Attorneys for Plaintiff

**BRIE ENTERPRISES, LLC d/b/a BIG FOOT PAVING & GRADING, TINA BRIGGS ORR, Individually and JERRY BRANDON ORR, Individually**

## SCHEDULE A

| NAME | PERIOD FROM/TO | BACK WAGES | LIQUIDATED DAMAGES |
|---|---|---|---|
| Barrett, Ricky | 05/01/08 to 05/28/09 | $868.00 | $133.00 |
| Effler, Jason D. | 05/01/08 to 05/28/09 | $671.25 | $103.00 |
| Gosnell, Scotty E. | 05/01/08 to 05/28/09 | $907.50 | $138.00 |
| Thomas, Lee E. | 05/01/08 to 05/28/09 | $598.75 | $91.00 |
| Littrell, Timothy | 05/01/08 to 05/28/09 | $1,173.25 | $180.00 |
| Ware, Demaris W. | 05/01/08 to 05/28/09 | $24.00 | $4.00 |
| Ware, Tommy L., Sr. | 05/01/08 to 05/28/09 | $45.00 | $7.00 |
| Worley, Joe L. | 05/01/08 to 05/28/09 | $917.00 | $139.25 |
| **TOTALS** | | **$5,204.75** | **$795.25** |

BRIE ENTERPRISES, LLC d/b/a BIG FOOT PAVING & GRADING, TINA BRIGGS ORR, Individually and JERRY BRANDON ORR, Individually

## SCHEDULE A

| NAME | PERIOD FROM/TO | BACK WAGES | LIQUIDATED DAMAGES |
|---|---|---|---|
| Barrett, Ricky | 05/01/08 to 05/28/09 | $868.00 | $133.00 |
| Effler, Jason D. | 05/01/08 to 05/28/09 | $671.25 | $103.00 |
| Gosnell, Scotty E. | 05/01/08 to 05/28/09 | $907.50 | $138.00 |
| Thomas, Lee E. | 05/01/08 to 05/28/09 | $598.75 | $91.00 |
| Littrell, Timothy | 05/01/08 to 05/28/09 | $1,173.25 | $180.00 |
| Ware, Demaris W. | 05/01/08 to 05/28/09 | $24.00 | $4.00 |
| Ware, Tommy L., Sr. | 05/01/08 to 05/28/09 | $45.00 | $7.00 |
| Worley, Joe L. | 05/01/08 to 05/28/09 | $917.00 | $139.25 |
| **TOTALS** | | **$5,204.75** | **$795.25** |